El Pueblo de Puerto Rico, demandante y apelado, *v.* Julio Cruz, acusado y apelante.

Núm. 7741.—*Sometido:* Julio 3, 1939. *Resuelto:* Julio 14, 1939.

*Fernando Zapater,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Julio Cruz fué sentenciado a pagar una multa de $50 y las costas por una infracción al artículo 142 del Código Penal. Apeló para ante este tribunal. En su alegato imputa varios errores a la corte sentenciadora, entre ellos el de que los

hechos denunciados no constituyen una infracción al artículo 142 del Código Penal. La denuncia, en lo pertinente, dice así:

"Yo, Ventura Barnés . . . formulo denuncia contra Julio Cruz, por delito de infracción al artículo 142 C. P. cometido de la manera siguiente: Que en 29 de noviembre de 1938, y en Ponce, del Distrito Judicial Municipal de Ponce, que forma parte del Distrito Judicial de Ponce, P. R., el citado Julio Cruz, siendo empleado o socio de la firma comercial M. Colón Figueroa, Sucrs., contra quien había pendiente el proceso número 3615 ante la Sec. 1ª. Corte Municipal de San Juan promovido por M. Peña & Co., S. en C., en cobro de dinero, demoró y entorpeció el embargo de la guagua automóvil Núm. C–923, propiedad de M. Colón Figueroa, Sucrs., ocultándola y sustrayéndola del poder del denunciante que como Márshal de esta Corte acababa de embargarla en el precitado procedimiento."

Conocido el texto de la denuncia, veamos ahora el del precepto legal que se alega infringido:

"Art. 142. Toda persona contra la cual hubiere algún proceso pendiente o sentencia pronunciada para la entrega o restitución de bienes muebles, y que fraudulentamente ocultare, vendiere o dispusiere de dichos bienes con el propósito de entorpecer, demorar o defraudar a la persona que hubiere promovido el proceso u obtenido la sentencia, o que con tal propósito alejare dichos bienes fuera de la jurisdicción de los tribunales bajo la cual se hallaban al entablarse el proceso o pronunciarse la sentencia incurrirá en la pena prescrita en el precedente artículo."

La luz necesaria para la correcta interpretación del precepto transcrito nos la da la frase inicial del artículo, a saber: "Toda persona contra la cual hubiere algún proceso pendiente o sentencia pronunciada *para la entrega o restitución de bienes muebles.*"

De manera que para que se infrinja este artículo, la ocultación, venta, etc., demora o entorpecimiento, tiene que ser en relación con un pleito o procedimiento *para la entrega o restitución de bienes muebles, "for the recovery of any personal property",* como dice el texto inglés, y de la faz

de la denuncia resulta que el pleito o procedimiento a que la misma se refiere era uno en cobro de dinero, habiéndose expedido la orden de embargo para asegurar la efectividad de la sentencia. Conforme dispone el artículo 3 del Código Penal, sus disposiciones y artículos deberán interpretarse *"según el recto sentido de sus términos, a fin de que llene su objeto y facilite la administración de justicia."*

No podríamos, sin violentar la letra y el espíritu de la ley, resolver que un incidente de embargo en un pleito en cobro de dinero es un pleito o procedimiento para la entrega o restitución de bienes muebles. Por consiguiente, convenimos con el fiscal de este tribunal y con la defensa, desde luego, en que los hechos denunciados no constituyen una infracción al artículo 142 del Código Penal, pues no se trata de un pleito para la entrega o restitución de bienes muebles.

*Procede declarar con lugar el recurso, revocar la sentencia y absolver al acusado.*

El Juez Asociado Sr. Travieso no intervino.